IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA – ROME DIVISION

| | | |
|---|---|---|
| **BAYSHORE FORD TRUCK SALES, INC.,** | : | |
| **HEINTZELMAN'S TRUCK CENTER, INC.,** | : | |
| **LJL TRUCK CENTER, INC.,** | : | |
| **PEACH STATE FORD TRUCK SALES, INC.,** | : | |
| and **VALLEY FORD TRUCK SALES, INC.,** | : | CIVIL ACTION NO. |
| | : | |
| Plaintiffs, | : | 4:99-CV-0173-RLV |
| | : | |
| v. | : | |
| | : | |
| **FORD MOTOR COMPANY,** | : | |
| | : | |
| Defendant. | : | |

**MOTION OF THE *WESTGATE* CLASS PLAINTIFFS TO INTERVENE FOR THE PURPOSE OF RESPONDING TO DEFENDANT'S APPLICATION FOR INJUNCTIVE RELIEF**

Pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, plaintiffs in the Class Action captioned *Westgate Ford Truck Sales, Inc. v. Ford Motor Company*, Court of Common Pleas, Cuyahoga County Ohio, Case No. CV-02-483526 (the "*Westgate* Action), respectfully move this Court for leave to intervene in this action for the purpose of responding to the Application for Injunctive Relief filed by Defendant Ford Motor Company ("Ford"). In support of this motion, the *Westgate* Plaintiffs incorporate the attached Response to Defendant's Application for Injunctive Relief and state as follows:

1

1.  On June 7, 2005, the Ohio Court of Common Pleas granted certification to a class of plaintiffs in the *Westgate* Action. Plaintiffs in the current action (the "*Bayshore* Plaintiffs") are members of the *Westgate* class.

2.  On June 24, 2005, Ford filed a Notice of Appeal with the Ohio trial court, sending the trial court's class certification ruling to the Ohio Court of Appeals for review.

3.  On July 1, 2005, the *Bayshore* Plaintiffs filed a motion to dismiss or stay the current action so that they can participate as members of the *Westgate* class.

3.  On July 13, 2005, Ford filed an Application for Injunctive Relief with this Court, seeking among other things, an order enjoining the *Westgate* Plaintiffs and *Westgate* court from continuing with the Ohio class action.

4.  On July 13, 2005, Ford filed with the *Westgate* court a Notice of Filing in Related Case, attaching a copy of the *Bayshore* Plaintiffs' motion to dismiss or stay the current action. A copy of that Notice of Filing was served on class counsel as required under the Ohio Rules of Civil Procedure.

5.  While its Application for Injunctive Relief seeks to enjoin the Ohio court and the *Westgate* Plaintiffs, Ford has not served class counsel with a copy of its injunction Application and supporting memorandum. Nor has Ford filed a Notice alerting the Ohio court that Ford has asked this Court to overrule the *Westgate* class certification order.

6. *Westgate* class counsel has reviewed the copy of Ford's Application for Injunctive Relief and supporting memorandum served on counsel for the *Bayshore* Plaintiffs.

7. The nature of the relief requested and the allegations made in Ford's Application give the *Westgate* Plaintiffs the right to intervene under Federal Rule of Civil Procedure 24(a).

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

8. The *Westgate* Plaintiffs have a clear interest in the subject matter of Ford's Application for Injunctive Relief. The disposition of the Application could certainly impair the ability of the *Westgate* Plaintiffs to protect that interest. The *Westgate* Plaintiffs therefore have a right to intervene under section (a)(2) of Rule 24.

9. In the alternative, the *Westgate* Plaintiffs seek leave of Court to permit intervention under Rule 24(b), which states:

> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or

defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

10. Ford's Application raises issues of fact and law that affect the *Westgate* Plaintiffs as well as the *Bayshore* Plaintiffs. The *Westgate* Plaintiffs should be permitted to intervene for the purpose of addressing those questions.

WHEREFORE, the *Westgate* Plaintiffs respectfully ask this Court to grant their motion to intervene for the purpose of submitting the attached Response to Ford's Application for Injunctive Relief.

Respectfully submitted,

_____

Local Counsel for the *Westgate* Class


_____
John A. Corr (Pa. Attorney No. 52820)
Stephen A. Corr (Pa. Attorney No.65266)
MELLON, WEBSTER & SHELLY
87 North Broad Street

4

<u>5</u>

Doylestown, PA  18901
(215) 348-7700

Class Counsel in the *Westgate* Action

5