FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 03 2005

LUTHER D. THOMAS, Clerk
By: _____
         Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

BAYSHORE FORD TRUCK SALES,
INC., et al.,

      Plaintiffs,

v.

FORD MOTOR COMPANY,

      Defendant.

CIVIL ACTION

NO. 4:99-CV-173-RLV

## O R D E R

The court has carefully considered the defendant's motion for summary judgment on the issue of damages [Doc. No. 113]. Because the court is unable to predict what evidence the plaintiffs may offer at trial in support of their claim for damages, the court is not prepared to grant summary judgment to the defendant. Depending on what evidence is introduced at trial, the defendant may be entitled to judgment as a matter of law at that time. The issue of damages is more properly considered at the trial of the case. Therefore, the defendant's motion for summary judgment on the issue of damages is DENIED.

The plaintiffs' motion to dismiss this action or, in the alternative, to stay proceedings pending the resolution of a class action lawsuit pending in Ohio [Doc. No. 228] is DENIED.

The motion of the *Westgate* class representatives to intervene for the purpose of responding to the defendant's application for

injunctive relief [Doc. No. 243] is GRANTED, and the court will consider the brief submitted with the motion to intervene.

The plaintiff's emergency motion for reconsideration [Doc. No. 261] insofar as the motion seeks clarification with respect to Dr. Fred Kinder's report is GRANTED to the extent that the court explains that its prior ruling did not hold that Mr. Kinder's report was inadmissible as a summary pursuant to Rule 1006. Because the motion to strike Mr. Kinder's testimony as an expert dealt only with his status as an expert, the court had no occasion to rule on whether his report is admissible. Such determination is properly made at trial, after the court is able to see if the plaintiffs have laid the proper foundation to use Mr. Kinder's report as a summary.

To the extent that the plaintiffs' emergency motion [Doc. No. 261] seeks a certification pursuant to 28 U.S.C. § 1292(b), the motion is DENIED. To the extent that the plaintiffs' emergency motion [Doc. No. 161] seeks a continuance of this case, the motion is DENIED.

SO ORDERED, this 3rd day of August, 2005.

*[signature]*
ROBERT L. VINING, JR.
Senior United States District Judge